THE STARR PIANO COMPANY (PACIFIC DIVISION), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GENNETT REALTY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 43809–43811. Promulgated August 16, 1932.

*H. A. Mihills, C. P. A.*, for the petitioners.
*D. P. Kimball, Esq.*, and *E. C. Adams, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: There are two underlying issues in these proceedings: (1) The right to deduct as an expense the commission of $40,000 paid to a broker for negotiating the 60-year lease executed by the Realty Company and the Pacific Division jointly to Bullock's, and (2) the right to consolidate accounts under the provisions of sections 240 (d) of the Revenue Act of 1924 and section 240 (f) of the Revenue Act of 1926. A secondary issue is the right of the petitioners to file consolidated returns for the year 1924.

We have held repeatedly that commissions paid by an owner of a leasehold in order to secure a tenant under a sublease are deemed capital expenditures and are spread over the term of the lease. *Bonwit Teller & Co.*, 17 B. T. A. 1019; affd., 53 Fed. (2d) 381; *Evalena M. Howard*, 19 B. T. A. 865; *James M. Butler*, 19 B. T. A. 718; *Mary C. Young*, 20 B. T. A. 692; *Spinks Realty Co.*, 21 B. T. A. 674.

The petitioner further contends that even if such a charge should be held not deductible as a business expense, its return to capital should be spread over a 15-year period covered by the lease from the Realty Company to the Pacific Division. We can not agree with this alternative contention. The Realty Company and the Pacific Division were joint lessors in the lease to Bullock's. They received equal benefits thereunder for the full term of 60 years. Even if we disregard the fact that the Pacific Division owned the entire capital stock of the Realty Company and thus indirectly enjoyed the profits arising from the lease, we may well conclude that the inclusion of the Pacific Division as a joint lessor for the period not comprehended in its lease from the Realty Company was in consideration of its relinquishment of its rights under the latter agreement. The brokerage fee was paid to secure a lease for the entire 60-year period and should be spread over that period.

Section 240 (d) of the Revenue Act of 1924 (identical with section 240 (f) of the Revenue Act of 1926) provides as follows:

In any case of two or more related trades or businesses (whether unincorporated or incorporated and whether organized in the United States or not) owned or controlled directly or indirectly by the same interests, the Commissioner may and at the request of the taxpayer shall, if necessary in order to make an accurate distribution or apportionment of gains, profits, income, deductions, or capital between or among such related trades or businesses, consolidate the accounts of such related trades or businesses.

The petitioner claims that, pursuant to the above section, certain expenses paid during 1924 and 1925 by the Piano Company should be allocated to the Pacific Division. Those expenditures were as follows:

| Item | 1924 | 1925 |
| --- | --- | --- |
| Interest on amount due the Indiana company | $12,918.26 | $14,238.65 |
| Interest on inventory consigned by the Indiana company, manufacturer | 4,460.04 | 4,595.91 |
| Proportion of salary of Fred Gennett, president of The Starr Piano Company (Pacific Division) | 2,500.00 | 2,500.00 |
| Proportion of bookkeeping costs | 500.00 | 500.00 |
| Total | 20,378.30 | 21,834.56 |

An analysis of these items shows that they contain no factors which either in themselves or in conjunction with other elements of the case entitle the petitioners to the relief afforded by sections 240 (d) and 240 (f) above quoted. No interest was actually paid on the monthly balances and inventories nor was any liability incurred therefor. The proportions of the amounts paid by the Piano Company for the salary of Fred Gennett and for bookkeeping costs are mere estimates. The record discloses no charges or accounts on the books of either the Piano Company or the Pacific Division indicating what, if any, benefit the latter company derived from such services. As in *Roessler & Hasslacher Chemical Co.*, 25 B. T. A. 915, no effort was made to segregate accurately any of the expenses of any of the specific accounts in order to determine the amounts applicable to each company.

Furthermore, we are not asked to marshall all the accounts of both the Piano Company and the Pacific Division in order to reallocate such accounts or parts thereof for the purpose of making an accurate distribution of the gains, profits, income, deductions or capital between those corporations as provided by the statute, but, instead, we are given two interest items unsupported by any charge, payment or agreement to pay, and two charges for services also based on no payment or liability to pay. No attempt has been made to show how the proposed reallocation of expenditures would affect the gains, profits, etc., of each company. *Broadway Strand Theatre Co.*, 12

B. T. A. 1052; *Western Hide & Fur Co.*, 26 B. T. A. 354; *Herald News Co.*, 26 B. T. A. 688. Cf. *Nowland Realty Co.*, 18 B. T. A. 405; affd., 47 Fed. (2d) 1018. Under these circumstances we must deny the petitioners the relief sought under section 240 (d) of the 1924 Act and section 240 (f) of the 1926 Act.

Though it be unnecessary to this opinion, in view of the failure of proof, it should be observed that the Piano Company received the full benefit of the deductions claimed by the Pacific Division for the bookkeeping costs and the proportion of Fred Gennett's salary. Moreover, the Piano Company entered into a closing agreement with the respondent covering the years under consideration in this case. The allowance of deductions claimed by the petitioner would result in a double benefit.

The Realty Company also claimed the right to file a consolidated return with the Pacific Division. Each of those companies, however, filed a separate return upon the advice of a public accountant. We have held that when affiliated corporations have elected to file separate returns for a given year they may not later, without consent of the Commissioner, file a consolidated return for that year and have their incomes determined on a consolidated basis. *Radiant Glass Co.*, 16 B. T. A. 610; affd., 54 Fed. (2d) 718; *Harbour-Longmire Co.*, 18 B. T. A. 33; *Ohio Mining Co.*, 20 B. T. A. 1062; *Hennepin Holding Co.*, 23 B. T. A. 119; *Pine Ridge Coal Co.*, 23 B. T. A. 489. See also *Lucas v. St. Louis National Base Ball Club*, 42 Fed. (2d) 984.

The fact that the petitioners were ill advised prior to their filing of returns can not relieve them of the consequences of filing separate returns—they made their election and must abide by the results of that act. *Harbour-Longmire Co., supra.*

*Judgment will be entered for the respondent.*